IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. |
| ) | |
| WILLIAMS OLEFINS, LLC, n/k/a NOVA ) | |
| CHEMICALS OLEFINS LLC. ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF SETTLEMENT

Concurrently with the filing of this Stipulation of Settlement (Stipulation), the United States of America (United States), by the authority of the Attorney General, and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency (EPA), has filed this action seeking civil penalties from Williams Olefins, LLC (Williams) (n/k/a NOVA Chemicals Olefins LLC (NOVA) (Defendant), for alleged violations of Sections 112(r)(1) and 112(r)(7) of the Clean Air Act (CAA), 42 U.S.C. §§ 7412(r)(1) and, (r)(7), and the Chemical Accident Prevention Provisions at 40 C.F.R. Part 68 (Chemical Accident Prevention Provisions), occurring at Defendant's olefins manufacturing plant located at 5205 Highway 3115, Geismar, Louisiana (Facility). Defendant denies the claims alleged by the United States in this action.

The Parties recognize, and the Court by entering this Stipulation finds, that this Stipulation has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this settlement is fair, adequate and reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or

admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

2. This Court has personal jurisdiction over the Defendant because the Facility is located and the Defendant does business within the jurisdictional boundaries for the United States District Court for the Middle District of Louisiana, as established by Congress under 28 U.S.C. § 98(b).

3. Venue lies in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c), and 1395, because it is the judicial district in which a substantial part of the alleged events or omissions giving rise to the claims occurred.

4. The Defendant consents to: a) this Court's subject matter jurisdiction over this Stipulation and any action to enforce it; b) this Court's personal jurisdiction over it; and c) venue in this judicial district. For purposes of this Stipulation, the Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to the CAA.

## II. NOTICE AND AUTHORITY

5. Notice of commencement of this action has been given to the Louisiana Department of Environmental Quality pursuant to 42 U.S.C. § 7413(b).

6. The United States Department of Justice has the authority to bring this action on behalf of the EPA under 28 U.S.C. §§ 516 and 519, and under 42 U.S.C. § 7605(a).

## III. APPLICABILITY

7. The obligations of this Stipulation apply to and are binding upon the United States, and

upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law. Any change in Defendant's ownership or corporate status will not alter its obligations hereunder.

## IV. DEFINITIONS

8. Terms used in this Stipulation that are defined in the CAA, or in regulations promulgated pursuant to the CAA, have the meaning assigned to them in the CAA or such regulations, unless otherwise specifically provided in this Stipulation. Whenever the terms set forth below are used in the Stipulation, the following definitions will apply:

a. *Complaint* means the complaint filed by the United States in this action;

b. *Day* means a calendar day unless expressly stated to be a business day. In computing any period of time under this Stipulation, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period will run until the close of business of the next business day;

c. *Defendant* means Williams Olefins, LLC, n/k/a NOVA Chemicals Olefins LLC.

d. *EPA* means the United States Environmental Protection Agency and any of its successor departments or agencies;

e. *Effective Date* will have the definition provided in Section X (Effective Date);

f. *Facility* means the olefins manufacturing plant located at 5205 Highway 3115, Geismar, Louisiana.

g. *Parties* means the United States and the Defendant;

h. *Section* means a portion of this Stipulation identified by a roman numeral; and

i. *United States* means the United States of America, acting on behalf of the EPA.

## V. CIVIL PENALTY

9. The Defendant must pay a civil penalty of $750,000 as follows: within thirty Days after the Effective Date of this Stipulation, the Defendant must pay $750,000 to the United

States by FedWire Electronic Funds Transfer (EFT) to the United States Department of Justice (DOJ) account in accordance with written instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Middle District of Louisiana following entry of the Stipulation. The payment instructions provided by the FLU will include a Consolidated Debt Collection System (CDCS) number, which Defendant must use to identify all payments required to be made in accordance with this Stipulation. The FLU will provide the payment instructions to:

>   Liana Danzi
>   Manager of Treasury Operations
>   One Williams Center
>   Tulsa, Oklahoma  74172
>   Liana.Danzi@williams.com

Defendant may change the individual to receive payment instructions on its behalf by providing written notice of the change to the United States and EPA in accordance with Section IX (Notices).

At the time of payment, the Defendant must send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which must state that the payment is for the civil penalty owed in *United States of America v. Williams Olefins, LLC, n/k/a NOVA Chemicals Olefins LLC*. The transmittal letter must reference the civil action number, CDCS Number, and DOJ case number 90-5-2-1-09906/2 and must be sent to the United States in accordance with Section VIII (Notices) of this Stipulation: by First Class mail to: EPA Cincinnati Finance Office, 26 Martin Luther King Drive, Cincinnati, Ohio 45268, and by e-mail to acctsreceivable.CINWD@epa.gov.

10. If the payment specified in Section V (Civil Penalty) is not made to the United States when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation of Settlement and reinstate this action.

11. In calculating its federal, state, or local income tax, the Defendant will not deduct any: a) civil penalty paid pursuant to this Section and/or b) any stipulated penalties paid pursuant to Section VI (Stipulated Penalties).

## VI. STIPULATED PENALTIES

12. The Defendant will be liable for stipulated penalties to the United States for violations of this Stipulation as specified below.

13. If the Defendant fails to pay the civil penalty required to be paid to the United States under Paragraph 9 of Section V of this Stipulation when due, the Defendant must pay a stipulated penalty of $10,000 per Day to the United States for each Day that the payment is late.

14. Stipulated penalties under this Section will begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and will continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties will accrue regardless of whether the Defendant has been notified of a violation or demand for payment by the United States. The Defendant must pay any stipulated penalty within thirty Days of receiving the United States' written demand.

15. The Defendant must pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required under Section IX of this Stipulation, except that the transmittal letter must state that the payment is for stipulated penalties assessed pursuant to the Stipulation.

16. If the Defendant fails to pay stipulated penalties according to the terms of this Stipulation, the Defendant will be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph should be construed to limit the United States from seeking any remedy otherwise provided by law for the

Defendant's failure to pay any stipulated penalties.

17. The payment of stipulated penalties and interest, if any, will not alter in any way Defendant's obligations to complete the performance of the requirements of this Stipulation.

## VII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

18. Payment of the civil penalty required by Section V and any stipulated penalties and interest required by Paragraphs 13 and 16, Section VI (Stipulated Penalties), will resolve the civil claims of the United States for the violations alleged in the Complaint.

19. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation. This Stipulation cannot be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CAA, or its implementing regulations, or under other federal or state laws, regulations, or permit conditions, except as expressly specified in Paragraph 18. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Facility, whether related to the violations addressed in this Stipulation or otherwise.

20. In any subsequent administrative proceeding initiated by the EPA or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Facility, the Defendant may not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in this case, except with respect to claims that have been specifically resolved pursuant to Paragraph 18 of this Section.

21. This Stipulation is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. The Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and the Defendant's compliance with this Stipulation is not a defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the approval of this Stipulation, warrant or aver in any manner that the Defendant's compliance with any aspect of this Stipulation will result in compliance with provisions of the CAA, or with any other federal, state, or local laws, regulations, or permits.

22. This Stipulation does not limit or affect the rights of the Defendant or of the United States against any third parties not party to this Stipulation.

23. This Stipulation does not create rights in, or grant any cause of action to, any third party not party to this Stipulation.

24. The Defendant disputes the allegations in the Complaint and enters into this Stipulation to resolve the disputed claims. Nothing in this Stipulation or the Complaint may be construed as an admission by Defendant of any factual or legal matter.

## VIII. COSTS

25. The Parties will bear their own costs of this action, including attorneys' fees, except that the United States will be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by the Defendant.

## IX. NOTICES

26. Unless otherwise specified herein, whenever notifications, communications, or submissions, are required by this Stipulation, they must be made in writing and addressed as

follows:

| | |
|---|---|
| <u>As to the United States by e-mail:</u> | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-2-1-09906/2 |
| <u>As to the United States by First Class Mail:</u> | EES Case Management Unit<br>Environment and Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Washington D.C. 20044-7611<br>Ref: DOJ # 90-5-2-1-09906/2 |
| <u>As to the United States by Express Mail:</u> | EES Case Management Unit<br>Environment and Natural Resources Division<br>ENRD Mailroom, Room 2121<br>601 D. Street NW<br>Washington D.C. 20004<br>Ref: DOJ # 90-5-2-1-09906/2 |
| <u>As to the EPA by First Class Mail:</u> | Associate Director<br>Air Enforcement Branch (ECDA)<br>United States Environmental Protection Agency<br>Region 6<br>1445 Ross Avenue, Suite 1200<br>Dallas, Texas 75202 |
| <u>As to the Defendant:</u> | Mark Gebbia<br>VP Environmental & Permitting<br>One Williams Center<br>Tulsa, Oklahoma 74172<br>918.573.6319<br>Mark.Gebbia@williams.com<br><br>T. Lane Wilson<br>SVP & General Counsel<br>One Williams Center<br>Tulsa, Oklahoma 74172<br>918.573.1717<br>Mark.Gebbia@williams.com<br><br>NOVA Chemicals Law Department<br>Attn: General Counsel<br>Legal.notices@novachem.com |

27. Any Party may, by written notice to the other Parties, change its designated notice recipient

or notice address provided above.

## X. EFFECTIVE DATE

28. The Effective Date of this Stipulation will be the date upon which the Stipulation is entered by the Court or a motion to enter the Stipulation is granted, whichever occurs first, as recorded on the Clerk of the Court's docket.

## XI. RETENTION OF JURISDICTION

29. The Court will retain jurisdiction over this case for the purpose of interpreting this Stipulation and enforcing compliance with its terms.

## XII. TERMINATION

30. After the Defendant has: a) paid the civil penalty required by Paragraph 9; and b) paid any accrued stipulated penalties as required by this Stipulation, Defendant may serve upon the United States and EPA a Request for Termination, stating that Defendant has satisfied those requirements.

31. Following receipt by the United States of Defendant's Request for Termination, the Parties will confer informally concerning the Request and any disagreement that the Parties may have as to whether the Defendant has satisfactorily complied with the requirements for termination of this Stipulation. If the United States agrees that this Stipulation can be terminated, the Parties will submit, for the Court's approval, a joint motion requesting that this Stipulation be terminated.

## XIII. SIGNATORIES/SERVICE

32. Each undersigned representative of the Defendant and the Deputy Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Stipulation

and to execute and legally bind the Party he or she represents to this Stipulation.

33. This Stipulation may be signed in counterparts, and its validity may not be challenged on that basis. The Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Stipulation and to waive the formal service requirements set forth in Rule 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XIV. INTEGRATION

34. This Stipulation constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Stipulation and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Stipulation or the settlement it represents, nor may it be used in construing the terms of this Stipulation.

## XV. FINAL JUDGMENT

35. Upon approval and entry of this Stipulation by the Court, this Stipulation constitutes a final and enforceable judgment of the Court as to the United States and the Defendant.

SO ORDERED

Dated and entered this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE
Middle District of Louisiana

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America v. Williams Olefins, LLC, n/k/a NOVA Chemicals Olefins LLC* (M.D. La.).

FOR THE UNITED STATES OF AMERICA

Bruce S. Gelber
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Dated: 7-11-2019

Karen Dworkin
Deputy Chief
Environmental Enforcement Section
United States Department of Justice

Dated: 7-11-2019

Kirk W. Koester
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
kirk.koester@usdoj.gov

Brandon Fremin
United States Attorney
Middle District of Louisiana

Dated: 7/16/2019

By: John Gaupp
Assistant United States Attorney
Louisiana Bar No. 14976
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
phone: 225-389-0443
fax: 225-389-0687
e.mail: john.gaupp@usdoj.gov

11

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America v. Williams Olefins, LLC, n/k/a NOVA Chemicals Olefins LLC* (M.D. La.).

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, REGION 6

Dated: July 9, 2019

Cheryl T. Seager
Director
Enforcement and Compliance Assurance Division
United States Environmental Protection Agency
1201 Elm Street, Suite 500 (ECD)
Dallas, Texas 752020-2733

Dated: July 9, 2019

Jeffrey M. Clay
Assistant Regional Counsel
Office of Regional Counsel
United States Environmental Protection Agency
Region 6
1201 Elm Street, Suite 500 (ORCER)
Dallas, Texas 752020-2733
clay.jeffrey@epa.gov

THE UNDERSIGNED PARTIES enter into this Stipulation in the matter of the *United States of America v. Williams Olefins, LLC, n/k/a NOVA Chemicals Olefins LLC* (M.D. La.).

Dated: 5/7/19

FOR WILLIAMS OLEFINS, LLC, n/k/a NOVA CHEMICALS OLEFINS LLC

William C. Mitchell
Vice President,
General Counsel, and
Assistant Corporate Secretary

13